**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

DELORES MOORE,

and

RENEE RODGERS, as Next Friend for A.D.R., a Minor,

Plaintiffs,

vs.

Case No. 14-1447

BRIAN KAMINSKI,

and

MICHAEL WHITE,

and

WILLIAM BALLARD,

and

MATTHEW BEBE,

and

THOMAS JACKSON,

and

CITY OF FERGUSON, MISSOURI,

and

FERGUSON POLICE DEPARTMENT,

Defendants.

**COMPLAINT**

COME NOW plaintiffs and, for their Complaint, state as follows:

1. This is an action for damages for the wrongful death of Jason Moore resulting from a violation of his constitutional rights by on-duty Ferguson police officers Brian Kaminski ("Kaminski"), Michael White ("White"), William Ballard ("Ballard"), Matthew Bebe ("Bebe") and Thomas Jackson ("Jackson"). Kaminski, White, Ballard, Bebe and Jackson violated Moore's well-settled federal civil rights while acting under color of state law.

**JURISDICTION**

2. Plaintiffs' action arises under 42 U.S.C. §§1983, 1985 and 1988 and the United States Constitution. This Court has jurisdiction under 28 U.S.C. §§1331 and 1343. Plaintiffs invoke the supplemental jurisdiction of the Court pursuant to 28 U.S.C. §1367 to hear and decide their claims under Missouri law. This Court also has jurisdiction pursuant to 42 U.S.C. §1988 to award and allocate attorneys' fees which are specifically requested in the Complaint.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (e) because the events and/or acts and/or omissions giving rise to this Complaint occurred in St. Louis County, Missouri, which lies within the Eastern District of Missouri and because defendants were performing their duties and responsibilities within the Eastern District of Missouri.

**PARTIES**

4. Plaintiff Delores Moore is a citizen and resident of the State of Missouri and the United States of America. Plaintiff Moore is the mother of decedent Jason Moore and brings this action on behalf of herself and all others as defined in §537.080 RSMo.

5. Plaintiff Renee Rodgers is a citizen and resident of the State of Missouri and the United States of America. Contemporaneous with the filing of plaintiffs' Complaint, plaintiff Rodgers has moved that she be appointed as next friend for A.D.R., a minor, to pursue damages on

behalf of A.D.R. A.D.R. is the son of decedent Jason Moore and, through his Next Friend, brings this action on behalf of himself and all others as defined in §537.080 RSMo.

6. At all times herein, police officer Kaminski was a law enforcement officer employed by the Ferguson, Missouri Police Department and was acting under color of law. Plaintiffs sue police officer Kaminski in his individual capacity.

7. At all times herein, police officer White was a law enforcement officer employed by the Ferguson, Missouri Police Department and was acting under color of law. Plaintiffs sue police officer White in his individual capacity.

8. At all times herein, police officer Ballard was a law enforcement officer employed by the Ferguson, Missouri Police Department and was acting under color of law. Plaintiff sues police officer Ballard in his individual capacity.

9. At all times herein, police officer Bebe was a law enforcement officer employed by the Ferguson, Missouri Police Department and was acting under color of law. Plaintiff sues police officer Bebe in his individual capacity.

10. At all times herein, police officer Jackson was a law enforcement officer employed by the Ferguson, Missouri Police Department and was acting under color of law. Jackson had custody, rule, keeping and charge of the officers and deputies who were within the employ of Ferguson, Missouri and formulated policy for the Ferguson Police Department. Plaintiff sues police officer Jackson in his individual capacity.

11. Ferguson, Missouri is a municipal corporation, organized and existing pursuant to Missouri law. At all relevant times, Ferguson had the ability to control and direct the conduct of the aforementioned officers as they performed their duties in furtherance of Ferguson's goals. Ferguson

was also charged with the direction and supervision officers who were within its employ. Each of the acts alleged herein against defendants were committed by them individually, or their agents, servants and/or employees, while acting under color of state law with approval and knowledge of their superiors.

12. Ferguson Police Department ("PD") is a municipal corporation, organized and existing pursuant to Missouri law. At all relevant times, PD had the ability to control and direct the conduct of the aforementioned officers as they performed their duties in furtherance of PD's goals. PD was also charged with the direction and supervision officers who were within its employ. Each of the acts alleged herein against defendants were committed by them individually, or their agents, servants and/or employees, while acting under color of state law with approval and knowledge of their superiors.

**FACTS**

13. Jason Moore ("Jason") was, at all relevant times, a 31-year old man who weighed approximately 135 pounds.

14. Just prior to 6:46 am on September 17, 2011, Jason was near his residence in Ferguson, Missouri when he took his clothes off, ran completely naked down the street, yelling at passing vehicles and yelling "God is good", "glory to God" and "I am Jesus."

15. Local residents and other individuals informed the Ferguson Police Department of Jason's conduct and officers were dispatched to the area of Airport Road and N. Marguerite in Ferguson, Missouri.

16. Defendant Kaminski arrived at the intersection of Airport Road and Henquin Drive at 6:49 am on September 17, 2011.

17. When defendant Kaminski arrived to the scene, Jason did not pose a threat to himself or others as he was standing and staring out at Airport Road. He was observably unarmed.

18. Without warning and without announcing himself as a police officer, defendant Kaminski yelled at Jason to place his hands over his head and walk toward him.

19. Jason moved toward defendant Kaminski.

20. Defendant Kaminski then, without warning of its use, shot a TASER device into Jason's body from a distance. Both probes made secure contact with Jason.

21. Jason violently and forcefully fell face down to the ground in a prone manner with his arms were trapped underneath him and with the TASER probes in his chest and pelvic areas.

22. While Jason was in a prone position on the ground, without posing a threat of safety to himself or others and with one of the TASER probes still in his chest, Defendant Kaminski used the TASER device additional times. The majority of the TASER cycles employed on Jason were for the express purpose of inflicting pain and punishment and without any legitimate police purpose.

23. Defendant Kaminski used the TASER device while Jason was face down on the pavement and when defendants Kaminski and White were present and available to maneuver Jason out of his prone position and otherwise secure Jason's cooperation.

24. Defendant Kaminski did not use the TASER cycle as an opportunity to secure Jason's arms and handcuff him.

25. The pretext for the multiple uses of the TASER was that Jason "tried" or "attempted" to rise.

26. Ultimately, defendant White did go to where Jason was positioned, pulled his arms behind his back and handcuffed Jason.

27. Defendants Kaminski and White left Jason in a prone position on the pavement without turning him from a prone position and without monitoring his breathing or medical condition.

28. Defendants Ballard and Bebe then arrived to the scene and also left Jason in a position on the pavement without turning him from a prone position and without monitoring his breathing or medical condition.

29. Jason then let out a raspy sound and stopped breathing. CPR was administered, with paramedics ultimately arriving on the scene and continuing resuscitation techniques.

30. Jason was transported to a local hospital, where he was later pronounced dead.

**COUNT I**

**VIOLATION OF FOURTH, EIGHTH AND FOURTEENTH AMENDMENTS TO UNITED STATES CONSTITUTION UNDER 42 U.S.C. §1983**

31. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 30 of this Complaint as though fully set forth herein.

32. Defendants Kaminski, White, Ballard and Bebe, acting alone and together and in concert, did assault and otherwise brutalize Jason as aforementioned, and unreasonably seized Jason in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

33. Defendants Kaminski, White, Ballard and Bebe failed to intervene to prevent the acts and use of excessive force by each other, when they had the opportunity to do so, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

34. Jason had a right to have his serious medical needs addressed, but defendants Kaminski, White, Ballard and Bebe failed to respond to these known risks and needs in violation

of the Eighth and Fourteenth Amendments. Specifically, these defendants were deliberately indifferent in one or more of the following respects:

    a.    defendants knew of and disregarded the substantial risk of harm to Jason in failing to exercise proper crisis management, keeping him in a prone position before, during and after using a TASER device and before, during and after handcuffing Jason;

    b.    defendants failed to provide medical treatment and/or therapy to Jason's medical conditions;

    c.    defendants failed to investigate Jason's medical conditions to make an informed judgment about his medical needs;

    d.    defendants made medical decisions about plaintiff's treatment and/or therapy for his conditions based on non-medical factors;

    e.    defendants delayed and/or interfered with Jason's access to treatment and/or therapy for his conditions; and

    f.    defendants failed to take reasonable measures to abate the aforementioned risks and the conditions Jason suffered from.

35. As a direct and proximate result of the aforementioned unlawful acts and malicious physical abuse of Jason by defendants, all committed under color of law and under the officers' authority as Ferguson police officers, Jason died and was deprived of his right to be free from unreasonable seizures of his person and from the use of excessive force, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

36. As a direct and proximate result of the conduct and acts of the Defendants as aforementioned, plaintiffs have been deprived of the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training and support of Jason by reason of such death, further including past and future lost income, household services and the value of benefits which would have been provided by Jason.

37. The acts of defendants Kaminski, White, Ballard and Bebe were intentional, wanton, malicious, oppressive, reckless and callously indifferent to the rights of Jason, thus entitling plaintiffs to an award of aggravating circumstances against the defendants Kaminski, White, Ballard and Bebe.

38. If plaintiffs prevail, they are entitled to attorneys' fees pursuant to 42 U.S.C. §1988.

WHEREFORE, plaintiffs pray for judgment against Defendants Kaminski, White, Ballard and Bebe, jointly and severally, for compensatory damages and/or nominal damages in an amount that is fair and reasonable, for damages for aggravating circumstances, for attorneys' fees and the costs of the litigation and for such other and further relief as is just and proper.

**COUNT II**
**MUNICIPAL LIABILITY FOR FOURTH AND FOURTEENTH AMENDMENT VIOLATIONS UNDER 42 U.S.C. §1983**

39. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 38 of this Complaint as though fully set forth herein.

40. There exists within Ferguson and PD policies or customs, practices and usages that are so pervasive that they constitute the policies of the entities that caused the constitutional deprivations of Jason and plaintiffs as have been more fully set forth herein above.

41. Defendants Ferguson, PD and Jackson maintained unconstitutional policies, customs, practices and usages and were deliberately indifferent in:

a. That officers of Ferguson use excessive force, including deadly force, without regard for the need for the use of force, or without regard for the legality of its use;

b. That officers of Ferguson conspire with one another to cover for and protect one another from criminal and/or civil sanctions that might arise from the violation of constitutional rights of a citizen;

    c.    That officers of Ferguson can use excessive force when it is not necessary and warranted where the police department fails to take action, investigate or adequately punish officers that violate the constitutional rights of its citizens as more fully described above;

    d.    That officers of Ferguson engage in conduct that is violative of the constitutional rights of its citizens of the United States, with whom they come into contact, including, but not limited to: unjustifiably using excessive force, using a TASER device in an unauthorized and excessive manner, failing to use proper Crisis Intervention techniques and improper restraint of individuals in violation of the Constitution of the United States;

    e.    That Ferguson, PD and Jackson wilfully and deliberately failed to instruct, control, supervise discipline and train their officers on the authorized and acceptable use of a TASER device, when reasonable force can and should be used, on Crisis Intervention techniques and properly restraining individuals.

    f.    That Ferguson, PD and Jackson wilfully and deliberately failed to implement or require the implementation of a policy on the authorized and acceptable use of a TASER device, when reasonable force can and should be used, on Crisis Intervention techniques and properly restraining individuals.

    g.    That Ferguson, PD and Jackson wilfully and deliberately failed to enforce or require enforcement on the authorized and acceptable use of a TASER device, when reasonable force can and should be used, on Crisis Intervention techniques and properly restraining individuals.

42.    Defendants Ferguson, PD and Jackson (a policy maker for defendants Ferguson and PD) had the duty to effectively supervise, monitor and control the peace officers in their employ. In addition, defendants Ferguson had the duty to effectively train the peace officers in its employ, including supervisors and those who were charged with supervising, monitoring and controlling the deputies of the Ferguson Police Department.

43.    An integral part of the discharge of the duties of Ferguson is the establishment of an effective internal affairs function by which complaints about officer conduct, acts and failures to act would be received, recorded, investigated and accurately determined. Defendants Ferguson, PD and Jackson failed to thoroughly investigate claims of excessive force and unauthorized and excessive

use of TASER devices, restraint of persons and crisis interaction, failed to monitor officers against whom excessive force and unauthorized and excessive use of TASER device and other restraint and crisis intervention complaints had been made and failed to remove officers from active duty who were found to have engaged in excessive force and unauthorized and excessive use of TASER devices and other restraint maneuvers.

44. Upon information and belief, defendants Kaminski, White, Ballard and Bebe and one or more Ferguson Police Department officers have engaged in the same or similar conduct as that experienced by Jason, including being subjected to improper Crisis Intervention care, subjecting others to excessive force, improper restraint and using a TASER device in an unauthorized and excessive manner. Defendant Ferguson had received complaints regarding these similar incidents prior to the date of the incident involving the plaintiff and at least two lawsuits and/or claims have been filed against one or more of the defendants relating to the use of a TASER device on an individual and/or other excessive force.

45. Ferguson, PD and Jackson's policies, customs, practices or usages authorized and permitted the actions of defendants Kaminski, White, Ballard and Bebe as Ferguson did nothing to address the complaints (such as training or disciplining their officers). Instead, Ferguson, PD and Jackson ignored or rejected the complaints.

46. Further, by their actions, Ferguson, PD and Jackson have ratified the unlawful conduct of Defendants Kaminski, White, Ballard and Bebe.

47. As a direct and proximate result of the policies, customs, practices and usages of Ferguson, PD and Jackson, Jason died, as described herein above, and plaintiffs are entitled to compensatory damages under 42 U.S.C. §1983.

48. If plaintiffs prevail, they are entitled to attorneys' fees pursuant to 42 U.S.C. §1988.

WHEREFORE, plaintiffs pray for judgment against Defendant Ferguson, PD and Jackson, jointly and severally, for compensatory damages, for damages for aggravating circumstances against defendant Jackson and/or nominal damages in an amount that are fair and reasonable, for attorneys' fees and the costs of the litigation and for such other and further relief as is just and proper.

**COUNT III**
**WRONGFUL DEATH**

49. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 48 of this Complaint as though fully set forth herein.

50. The acts of Defendants Kaminski and White as described herein above, of assaulting and brutalizing Jason were committed without just cause or provocation, and with intent to cause Jason offensive contact, bodily harm, apprehension of offensive contact and apprehension of bodily harm.

51. As a direct and proximate result of the malicious, brutal and outrageous conduct of Defendants Kaminski and White, Jason died and plaintiffs have been deprived of the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training and support of Jason by reason of such death, further including past and future lost income, household services and the value of benefits which would have been provided by Jason.

52. The acts of Defendants Kaminski and White were wanton, malicious and oppressive and done with reckless indifference to the rights of Jason and plaintiffs, thus entitling plaintiffs to an award of aggravating circumstances.

WHEREFORE, plaintiffs pray for judgment against Defendants Kaminski and White, jointly and severally, for compensatory damages in an amount that is fair and reasonable, for damages for

aggravating circumstances and the costs of the litigation and for such other and further relief as is just and proper.

**JURY TRIAL DEMANDED AS TO ALL COUNTS**

*/s/ Michael D. Cerulo*
Todd M. Johnson (48824)
BATY, HOLM, NUMRICH & OTTO P.C.
4600 Madison Avenue, Suite 210
Kansas City, MO 64112-3012
tjohnson@batyholm.com
Telephone: 816-531-7200
Telecopy: 816-531-7201

Michael D. Cerulo (57536)
BATY, HOLM, NUMRICH & OTTO P.C.
231 S Bemiston Ave., Ste. 230
St. Louis, MO 63105
mcerulo@batyholm.com
Telephone: 314-863-6274
Telecopy: 314-863-6407

ATTORNEYS FOR PLAINTIFFS